UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOANN D.,

       Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Case No. C19-5644 MLP

ORDER

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred at step two, in assessing her subjective statements, and in crafting the residual functional capacity ("RFC") assessment. (Dkt. # 11 at 3.) Plaintiff also argues that new evidence submitted to the Appeals Council undermines the ALJ's decision. (*Id*. at 4-6.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1968, has an associate's degree, and has worked as a newspaper circulation manager, customer service representative, and retail store manager. AR at 836, 1112, 1133-36. Plaintiff was last gainfully employed in April 2015. *Id.* at 1112.

In May 2015, Plaintiff applied for benefits, alleging disability as of April 17, 2015. AR at 1090-96. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 938-40, 947-51, 956-57. After the ALJ conducted hearings in November 2016 and August 2017 (*id.* at 822-901), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 16-29.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date, April 17, 2015.

Step two: Plaintiff's degenerative disc disease of the lumbar spine status-post laminectomy with radiculopathy, cervical spine degenerative joint disorder, fibromyalgia, chronic pain syndrome, obesity, anxiety disorder, personality disorder, and somatoform disorder are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

RFC: Plaintiff can perform light work with additional limitations: she can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can frequently balance, crouch, kneel, stoop, and crawl. She can occasionally reach overhead bilaterally. She must avoid concentrated exposure to extreme cold, fumes, odors, dusts, gases, and hazards such as unprotected heights and moving mechanical parts. She is limited to simple, routine tasks (those requiring no greater than reasoning level 2). She can have no public contact and occasional superficial contact with coworkers.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

AR at 16-29.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. ## 1, 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

After the second administrative hearing, but before the ALJ's decision had been issued, Plaintiff submitted medical evidence to the Appeals Council. AR at 1-6, 37-821. The Appeals Council stated that some of the evidence was duplicative, and the remaining evidence did not provide a basis for changing the ALJ's decision, and therefore none of the new evidence was exhibited. *Id*. Plaintiff now argues that the new evidence submitted to the Appeals Council indeed undermines the ALJ's decision. (Dkt. # 11 at 4-6.)

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). This Court must, in other words, "determine whether the ALJ's finding of nondisability was supported by substantial evidence in the entire record – including any new evidence in the administrative record that the Appeals Council considered – not just the evidence before the ALJ." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017).

In this case, the ALJ discounted Plaintiff's subjective allegations in part because the nature of her treatment for back pain had been conservative and her symptoms had improved. AR at 24. The ALJ found that the symptoms Plaintiff described were inconsistent with that improvement, as well as the "generally conservative" degree of treatment. *Id*. The ALJ also noted that the record contained no indication that Plaintiff's providers recommended surgery. *Id*. But shortly after the second administrative hearing in this case, Plaintiff's providers recommended surgical intervention, and Plaintiff underwent a lumbar fusion. *See id*. at 473. Plaintiff experienced some improvement after this surgery, but also experienced setbacks. *See,*

*e.g., id.* at 528, 563, 585, 675-76, 731-32. Providers subsequently prescribed a steroid injection to address Plaintiff's unresolved pain. *See id.* at 745, 752-53, 760-61.

This treatment, much of which pre-dates the ALJ's decision, undermines the ALJ's decision because it shows that Plaintiff's treatment was not entirely conservative and that her symptoms were not substantially alleviated by that conservative treatment. The Commissioner defends the ALJ's assessment of Plaintiff's allegations in part by pointing to evidence of her "great pain relief" following radiofrequency neurotomy (dkt. # 12 at 4), but again, the new evidence of Plaintiff's subsequent back surgery and follow-up treatment during the adjudicated period undermines the Commissioner's interpretation of the evidence. As a result, the Court finds that the new evidence warrants a remand to permit the ALJ to reconsider Plaintiff's allegations in light of the updated record. The Court need not address any of Plaintiff's other assignments of error, given that the ALJ must reconsider the entire decision in light of the updated record.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's claim in light of the updated record.

Dated this 26th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge